IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WASTE MGMT. OF OHIO, INC., :
et al.,
:
    Plaintiffs,
:     Case No. 3:91-cv-81
    v.
    JUDGE WALTER H. RICE
:
THE CITY OF DAYTON, et al.,
:
    Defendants.
:

---

DECISION AND ENTRY SUSTAINING THE MOTION TO REINSTATE
CASE ON THIS COURT'S ACTIVE DOCKET OF DEFENDANT THE
CITY OF DAYTON (DOC. #186); COURT SHALL CONDUCT
EVIDENTIARY HEARING BETWEEN THE CITY AND PLAINTIFF
WASTE MANAGEMENT OF OHIO, INC., ON THE CONTRACT
INTERPRETATION ISSUE THAT WAS THE SUBJECT OF THE
COURT'S SEPTEMBER 20, 2004, DECISION AND ENTRY (DOC. #173);
CASE REACTIVATED; TELEPHONIC STATUS CONFERENCE SET
FOR 4:30 P.M. ON TUESDAY, OCTOBER 24, 2017

---

Defendant The City of Dayton ("The City") has filed a Motion to Reinstate Case on This Court's Active Docket ("Motion"), Doc. #186, requesting that the Court reopen the captioned cause and set an evidentiary hearing on a contract dispute between The City and Plaintiff Waste Management of Ohio, Inc. ("WMO" or "Waste Management"). *Id.*, PAGEID #653-54. For the reasons set forth below, The City's Motion is SUSTAINED.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This litigation arose out of attempts by WMO to persuade The City to rezone a section of land within The City limits, and to grant WMO's application to construct a landfill and recycling center known as Stony Hollow. Doc. #173, PAGEID #441-42. After The City denied its applications, WMO filed the instant lawsuit, alleging that The City's denials violated its rights under the United States Constitution and state law. *Id.*, PAGEID #442. WMO and The City reached a Settlement Agreement which, on April 16, 1992, was incorporated into a Consent Decree, under which the "Court retains jurisdiction over this cause for all purposes." Doc. #141-1, § III, PAGEID #21.

On September 10, 2003, The City filed a Motion to Enforce the Settlement Agreement, asking "the Court to order Waste Management to pay [T]he City the amount of $1,610,510, plus interest, which represents fees due and owing under the Settlement Agreement. Doc. #141, PAGEID #7. The City argued that pursuant to the Settlement Agreement, WMO "agreed to a schedule of payments to [T]he City of Dayton when and if [WMO] was awarded the contract to provide waste disposal services for Montgomery County." *Id.*, PAGEID #8 (citing Doc. #141-1, PAGEID #24-25). In 1998, "WMO was awarded a contract by Montgomery County for the disposal of county-generated waste in Stony Hollow[.]" Doc. #173, PAGEID #444. Yet, WMO did not remit any fees to The City, instead "contend[ing] that it is not required to pay such fees, unless the contract required the County to pay them, which it would then remit to [The City]." *Id.*

After briefing on the issue of whether the monies paid by Montgomery County constituted fees that WMO was required to remit to The City, the Court overruled The City's motion without prejudice. Doc. #173. In so doing, the Court held that the

2

disputed provision of the Settlement Agreement "does not expressly state whether Plaintiff would or would not be required to pay Dayton the county generated fees, regardless of whether the subsequent waste disposal contract required Montgomery County to pay those fees to WMO." *Id.*, PAGEID #446. The Court ordered an evidentiary hearing to resolve the dispute over the provision. *Id.*, PAGEID #448.

WMO and The City never requested, and the Court never set a date for, an evidentiary hearing. Rather, the parties attempted on three separate occasions between December 2004 and February 2005 to mediate their dispute, but were unable to do so successfully. Doc. #183. After the U.S. Court of Appeals for the Sixth Circuit affirmed this Court's decisions on other issues immaterial to The City's original Motion, *Waste Mgmt. of Ohio, Inc. v. City of Dayton*, No. 04-4326, 169 F. App'x 976 (6th Cir. 2006), the parties engaged in no further motion practice until The City filed the instant Motion.

## II. ANALYSIS

In its Motion, The City requested that "the parties be permitted to conduct discovery, and that this Court set a date for the evidentiary hearing" to rule on whether the Settlement Agreement required Plaintiff to pay the above-discussed fees. Doc. #186, PAGEID #654. In its memorandum in opposition, WMO does not dispute that the Consent Decree vests in this Court continuing jurisdiction over the instant lawsuit, which allows any party to "move this Court for clarification of this Decree and for supplemental or corrective relief in addition to and/or in lieu of any and all remedies provided for in the aforementioned Settlement Agreement." Doc. #141-1, PAGEID #21-22. However,

3

WMO argues that the City's claim is barred by the equitable doctrine of laches, Doc. #190, PAGEID #662, which bars a plaintiff from asserting a claim when he has failed "to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." *Emrick v. Multicon Builders, Inc.*, 57 Ohio St. 3d 107, 111, 566 N.E.2d 1189 (1991) (internal quotation marks and citations omitted). As an equitable defense, the movant must show an "(1) unreasonable delay or lapse of time in [the plaintiff] asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St. 3d 143, 145 656 N.E.2d 1277 (1995) (*per curiam*).

WMO argues that, after this Court overruled The City's claim without prejudice in 2004, it could have reasserted that claim after: (1) the Court's ruling in 2004; (2) the failed mediations between WMO and The City in 2004 and 2005; or (3) "the Sixth Circuit ruled in 2006 on the issue of the location of certain buildings, which had been a substantial part of the negotiations in the parties' failed mediations in 2004 and 2005." Doc. #190, PAGEID #663-64. WMO claims that at least ten years elapsed between the date on which The City's claim became ripe for reassertion and when The City filed the instant Motion, during which time no circumstances prevented The City from reasserting its claim, it has satisfied the first two elements of the doctrine. *Id.*, PAGEID #662-63.[1] Further, WMO argues that, as to The City's request for an evidentiary hearing, "[t]he extrinsic evidence needed to determine the meaning of the Settlement Agreement was not fresh in 2004, but certainly after an additional thirteen years the evidence will be

---

[1] The City does not dispute that WMO has met its burden for the third element (knowledge of the injury or wrong); nor could it reasonably do so.

4

even more difficult to produce." *Id.*, PAGEID #664. WMO claims that allowing the captioned cause to be reopened would be prejudicial both to WMO and to the administration of justice generally. Consequently, WMO argues, it has met all the elements for laches, and the case should remain terminated on the Court's docket. *Id.*, PAGEID #664-65.

The City argues that laches does not bar its Motion for four reasons. First, The City claims, laches is an affirmative defense, and "is not a proper basis for determining whether a case should be reactivated." Doc. #191, PAGEID #668 (citing *Rare Coin Alliance, Ltd. v. Island Rarities, Inc.*, No. 2:05-cv-891, 2010 WL 4384221, at *2 (S.D. Ohio Oct. 27, 2010) (Sargus, J.)). Second, WMO cannot satisfy the elements of laches. *Id.*, PAGEID #669-70. Third, The City has not forfeited its rights under the Settlement Agreement, WMO is under a continuing obligation to make payments to The City, and The City's irrevocable right to those payments vested upon their becoming due and payable. *Id.*, PAGEID #670-71. Fourth, the doctrine operates "to prevent inequities, not to allow one to escape the consequences of one's bad acts. Doc. #191, PAGIED #671 (citing *Brown v. Ohio Bureau of Empl. Servs.*, 114 Ohio App. 3d 85, 92, 682 N.E.2d 1033 (3d Dist. 1996)). The City argues that WMO, the party that breached its obligations under the Settlement Agreement, cannot use laches to escape liability for its actions. *Id.*, PAGEID #671.

As to The City's first argument, *Rare Coin* did not suggest that an absolute bar exists against laches ever being asserted in opposition to a motion to reinstate a case. Rather, that Court held that "[a]s an affirmative defense, laches must be pleaded so that opposing parties are put on notice and given the opportunity to respond." 2010 WL

4384221, at *2 (citing *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 444-45 (D.C. Cir. 1994)). In *Blonder-Tongue*, the Supreme Court held that *res judicata* and collateral estoppel, which, like laches, are affirmative defenses, must be pleaded pursuant to Rule 8(c). 402 U.S. at 350. Yet, the Court did not impose the formalism that The City urges, holding instead that the intent of the pleading requirement "is to give the opposing party notice . . . and a chance to argue, if he can, why the imposition of an estoppel [*sic*] would be inappropriate." *Id*. Herein, The City received, and took advantage of, such an opportunity with its reply brief. Doc. #191. The City's first argument is without merit.

As to its second argument, The City claims that, because it seeks money damages, and WMO has raised the defense of laches prior to the expiration of the applicable statute of limitations, WMO must make a strong showing of prejudice to the rebut the presumption that The City's delay is not unreasonable. Further, a lengthy delay between the accrual of a claim and a motion to reinstate is not, by itself, sufficient to show that WMO was prejudiced. Doc. #191, PAGEID 669 (citing *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 321 (6th Cir. 2001); *State ex rel. Mallory v. Pub. Employees Ret. Bd.*, 82 Ohio St. 3d 235, 244, 694 N.E.2d 1356 (1998); *Wuliger v. Cannella Resp. Television, Inc.*, 865 F. Supp. 2d 836, 848 (N.D. Ohio 2011)).

Moreover, The City claims that it has been diligent in prosecuting its claim for non-payment, first filing "its Motion to Enforce the Terms of the Settlement Agreement in 2003, as soon as it was aware of the non-payment of the fees. The City of Dayton's Motion to Enforce was neither dismissed by the Court, nor disposed of through a final

judgment." Doc. #191, PAGEID #669. Montgomery County, Ohio ("The County"), did not contract with WMO to dispose of waste at Stony Hollow between 2003 until 2013. Despite WMO again receiving the contract for Stony Hollow in 2013, The City alleges that it was unaware of WMO again transporting waste to Stony Hollow until 2015, at which time it made a prompt demand for payment from WMO on any fees it had received from The County. *Id.*, PAGEID #669-70. Finally, The City argues, WMO has not been prejudiced by the delay, claiming that WMO's supporting "evidence still exists, and its witnesses that provided affidavits are still alive. Moreover, Waste Management has already raised and fully briefed the issue in 2003 and 2004. Waste Management has, therefore, not been prejudiced by any delay." *Id.*, PAGEID #670.

"There is a strong presumption that a plaintiff's delay in bring suit for monetary relief is not unreasonable as long as the analogous statute of limitations has not lapsed[,]" *Herman Miller*, 270 F.3d at 321, and despite the lengthy gap between when The City first became aware of the allegedly delinquent payments and its filing of the instant Motion, it did so well within the fifteen-year statute of limitations that was in effect for breach of contract actions at the time of WMO's alleged breach. *See, e.g., Reddick v. Lazar Bros., Inc.*, 8th Dist. Cuyahoga No. 94424, 2010-Ohio-5136, ¶ 7 (Oct. 21, 2010) (citing Ohio Rev. Code § 2305.06 prior to the 2012 amendment).[2] WMO has failed to show that The City's delay was so egregious or inexcusable to justify the application of laches to a claim that would not be barred by the statute of limitations. Accordingly, it has not satisfied the first element of laches. *State ex rel. Polo*, 74 Ohio

---

[2] The parties do not cite, and the Court is unaware of, any caselaw or legislative history suggesting that the 2012 amendment to Ohio Rev. Code § 2305.06, which reduced the statute of limitations for breach of contract from fifteen years from the date of breach to eight years, was intended to apply retroactively.

7

St. 3d at 145. Moreover, WMO was aware that The City's Motion to Enforce Settlement Agreement had been overruled without prejudice, and that the Court expected WMO to gather and prepare evidence in support of its position on the issue of payment of fees. Doc. #173, PAGEID #447-48. WMO argues that "[r]elevant witnesses, if they can be located at all, may be unable to testify fulsomely based on their memory of an agreement negotiated and executed twenty-six years ago." Doc. #190, PAGEID #664. Yet, as The City notes, many of the witnesses provided affidavits, and WMO has made no showing that any of those witnesses would be unavailable to testify. Doc. #191, PAGEID #670. Thus, WMO has not made the strong showing of prejudice necessary to assert laches successfully.

WMO raises no other argument as to why the case should not be reinstated on the Court's docket and the matter set for an evidentiary hearing. Further, The City has demonstrated good cause for reinstatement—The County contracting with WMO to dispose of waste at Stony Hollow makes the issue of whether WMO is obligated under the Settlement Agreement to remit fees to The City once again ripe for evidentiary hearing. Finally, WMO has not specifically objected to The City's request for limited discovery prior to the evidentiary hearing, and the Court finds that such discovery would be appropriate.

### III. CONCLUSION

For the foregoing reasons, The City's Motion to Reinstate Case on This Court's Active Docket, Doc. #186, is SUSTAINED. The Court ORDERS a telephonic status

8

conference beginning at 4:30 p.m. on Tuesday, October 24, 2017, at which time dates for discovery cut-off and an evidentiary hearing will be set.[3]

The captioned case is hereby ordered reopened upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: October 16, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[3] In the alternative, WMO moves that the case be reopened "with respect to Waste Management's motion for restitution[.]" Doc. #190, PAGEID #664 n.2 (citing Doc. #151). In accordance with the Court's September 20, 2004, Entry, WMO may so move at the conclusion of the evidentiary hearing, but "must initially address the question of whether this Court can exercise subject matter jurisdiction over the request for restitution, assuming that it is a request for supplementary relief referenced in the Consent Decree." Doc. #173, PAGEID #448